MICHAEL CUNNINGHAM

*v.*

THOMAS W. FERRY *et al.*

1. MECHANICS' LIEN — *under implied contract.* Where the proof shows that the petitioner for a mechanics' lien furnished the owner of a lot, lumber for building a house thereon, that it was so used, and that it was furnished within one year from the commencement of the work, this will entitle him to a lien as upon an implied contract.

2. ANSWER— *when two witnesses required to overcome.* Where an answer in chancery, though sworn to, states the material facts upon information and belief, the rule requiring the testimony of two witnesses to overcome it does not apply.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellant.

Messrs. RICHMOND & CONDEE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding to enforce a mechanics' lien, for lumber furnished for the erection of a house.

The objection that there is a variance between the allegations and the proofs, as well as the objection that the verdict of the jury and the amount thereon decreed to be due the petitioners, is unauthorized by the evidence, we do not consider well taken. We have gone through the evidence carefully, and, without repeating it at length, we deem it sufficient to say that in our opinion, there is no substantial variance — such as would authorize a reversal — between the allegations and the proofs; and there is evidence sufficient to sustain the finding as to the amount due.

The contract was an implied one, and the proof was sufficient under the act of February 21, 1861 (Laws of 1861, p. 179). It showed that the petitioners, at the request of the owner of the

lot, furnished him with lumber for building a house on the lot, and that it was used for that purpose; and that the lumber was furnished within one year from the commencement of the work. *The Chicago Art. Well Co.* v. *Corey et al.* 60 Ill. 73.

The point is made that the petition was not filed or proceeding instituted within six months after the last payment for the lumber was due. Even if this objection could be urged by the appellant, who is not a creditor or incumbrancer, but a subsequent purchaser with express notice of the lien of the petitioners, the evidence does not support it. Appellees' evidence shows the lumber was to be paid for in ninety days, that is, as we understand, after delivery. The last was delivered October 17, payment for which was therefore due February 25, and the petition was filed May the 3d, within less than three months.

The objection that appellant's answer being under oath, is entitled to be received as true, unless overcome by evidence equivalent to that of two direct witnesses, is based on a misapprehension. The material facts put in issue by the answer are stated " on information and belief," and not as of the knowledge of the party, and the rule insisted on can, therefore, have no application.

The instruction asked by appellant, and refused by the court, states the law correctly; but we do not perceive there was any necessity that it should have been given.

The jury were previously instructed at the instance of appellees, that appellees' right to recover depended upon their having proved precisely the same facts as contemplated by appellant's instruction. They had all the instruction in that regard that was necessary.

We are of opinion there is no substantial error in the record, and the decree will, therefore, be affirmed.

*Decree affirmed.*